(C.D. 3579)

RENE D. LYON Co., INC. v. UNITED STATES

United States Customs Court, First Division

(Decided October 2, 1968)

Serko & Sklaroff for the plaintiff.
Edwin L. Weisl, Jr., Assistant Attorney General, for the defendant.

Before WATSON and MALETZ, Judges

WATSON, Judge: These suits have been submitted for decision upon the following agreement between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties herein, subject to the approval of the Court:

That the items marked "A" and checked JJT (Imp. Spec. Initials) by John J. Tracy (Imp. Spec. Name) on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof, consist of abrasive sponges, assessed with duty as manufactures wholly or in chief value of a product of which synthetic resin is chief binding agent, under the provisions of paragraph 1539(b), Tariff Act of 1930, at 23¢ per pound plus 19% ad valorem, or 22¢ per pound plus 18% ad valorem, or 21¢ per pound plus 17% ad valorem, depending on the date of entry. It is claimed that said merchandise is properly dutiable at 15% ad valorem under the provisions of paragraph 214 of the Act, as modified, as an article in chief value of an earthy or mineral substance, not decorated in any manner.

In fact, the component material of chief value of said merchandise is silica, an earthy or mineral substance, and not a product of which synthetic resin is the chief binding agent, and said merchandise is not decorated in any manner.

IT IS FURTHER STIPULATED and agreed that said protests be submitted on this stipulation, limited to the items marked "A" as aforesaid and to the claim for classification under paragraph 214, and abandoned as to all other merchandise and all other claims.

Accepting this stipulation as a statement of fact, we hold the merchandise marked with the letter "A" and initialed J.J.T. by John J. Tracy, Import Specialist, on the invoices accompanying the entries covered by the involved protests, properly dutiable under paragraph 214 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, at the rate of 15 per centum ad valorem, as articles in chief value of an earthy or mineral substance, "not decorated in any manner * * * Other", as claimed.

To the extent indicated, the protests are sustained. In all other respects and as to all other claims, the protests are overruled.

Judgment will issue accordingly.